UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DALE PERRY, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:21-CV-36 |
| | ) |
| RESOURCE MANAGEMENT, LLC., | ) |
| GARY LEE, and AMY LEE, | ) |
| | ) |
|        Defendants. | ) |

## COMPLAINT

Plaintiff, Dale Perry ("Perry"), brings claims against Defendants, Resource Management, LLC. ("RM"), Gary Lee ("Gary"), and Amy Lee ("Amy")(collectively "Defendants") as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), The Indiana Wage Payment Statute ("IWCS"), I.C. §22-2-9 et. seq., and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 et. seq. ("IMWL"), and the Indiana Wage Garnishment Statute, I.C. §24-4,5-5-101 et. seq.  Defendant violated the FLSA by failing to pay Perry at least overtime wages under federal and Indiana law.  Perry further contends that Defendant failed to pay all wages he earned and improperly garnished his wages in violation of Indiana law.

## PARTIES

2. Perry is an individual who worked in Lake County, Indiana.  He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Perry was an individual employee within the

1

meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Perry was an employee as defined by I.C. §22-2-2-3.

3. RM is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Perry's and/or RM's work regularly involved commerce between states.  Moreover, RM is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  RM's business is located in Lake County, Indiana.

4. At all times hereinafter, RM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).  It provides HOA services, including maintenance and upkeep, to various property owners in the states of Indiana and Illinois.

5. Gary is one of RM's owners.  In this capacity Gary is involved in the day-to-day operations of RM.  Gary has the authority to make decisions regarding wage and hour issues and establishes RM's pay practices.  At all relevant times, Gary has responsibility to act on behalf of, and in the interest of, RM in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Perry.  As a result, Gary is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. AMY is an owner of RM.  In this capacity Amy is involved in the day-to-day operations of RM.  Amy has the authority to make decisions regarding wage and hour issues and establishes RM's pay practices in Indiana.  At all relevant times, Amy has responsibility to act on behalf of, and in the interest of, RM in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Perry.  As a result, Amy is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

7. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Perry's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. §1391 as all the events arose in Lake County, Indiana, and Defendants are domiciled of Lake County.

## FACTS

9. Perry was hired most recently by Defendants on or about March 10, 2018.

10. Perry performed building maintenance on behalf of Defendants. He had no authority to hire or fire employees. At most any supervisory duties he performed was directing the work of other employees as needed.

11. Perry was paid $25 / hour. Weeks where he worked less than 40 hours in a week his pay was reduced by Defendants.

12. Defendants refused to pay Perry overtime wages. When Perry worked more than forty hours per week prior to his injury suffered in the early Spring of 2020, Defendants would 'comp' the time so Perry could use it as vacation time.

13. Defendants did no research to confirm that they were permitted to provide its employees any compensatory time off under the FLSA. Moreover, in computing Perry's 'comp time', Defendants did not provide him 1.5 hours of comp time for ever hour in excess of forty (40) hours per week he worked.

14. Perry worked, in average, fifty hours per week prior to his injury. Perry did not use his full 'comp time' bank in 2018 or 2019, and Defendants did not pay out the value of unused time either during his employment or after.

15. Defendants continued to pay Perry's wages during the roughly ten-week period he was off due to the injury to his hand. Defendants required Perry to work hours in excess of forty (40) hours per week thereafter to pay Defendants back for wages it advanced to him during this period.

16. Since his injury, when Perry worked overtime he was only credited his regular wage rate against his advanced pay rather than 1.5 hours per hour worked in excess of forty. Moreover, when Perry worked less than forty hours per week Defendants garnished his wages. Defendants had not obtained a written garnishment agreement in advance as required by Indiana law.

17. Perry resigned his employment on December 30, 2020. Defendants improperly garnished his final paycheck and threatened action against him if Perry did not pay what it/they claimed was the balance due.

18. Perry has suffered financial harm as a result of Defendant' conduct.

## **LEGAL COUNTS**

### **COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

19. Perry incorporates paragraphs 1 – 18 herein.

20. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum or overtime requirements of the FLSA.

21. Perry was not paid at least time and one-half his regular rate for hours he worked in excess of forty (40) hours per week.

22. Perry was harmed by Defendants' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

23. Perry incorporates paragraphs 1 – 22 herein.

24. Perry pleads his Indiana minimum wage law claims in the alternative.

25. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Perry at least minimum wage for all hours worked and one and one-half times his regular rate of pay for all hours he worked in excess of 40.

26. Defendants' conduct is willful, reckless, or indifferent to Perry's rights. Perry has been harmed as a result.

### COUNT III: VIOLATION OF THE INDIANA WAGE PAYMENT STATUTE

27. Perry incorporates paragraphs 1 – 26 herein.

28. Defendants' failed to pay all wages to Perry that he earned.

29. Defendants violated the IWPS and withheld such payments to Perry without a good faith or reasonable basis.

30. Perry suffered harm as a result of Defendants' conduct.

### COUNT IV: VIOLATION OF THE INDIANA WAGE GARNISHMENT STATUTE

31. Perry incorporates paragraphs 1 – 30 herein.

32.     Defendants garnished Perry's wages without a written agreement that complied with Indiana law.  Moreover, Defendants violated Indiana law by garnishing a larger percentage of wages than permitted by law.

33.     Perry has been harmed by Defendant's misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a.     An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b.     An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law;

c.     An Order awarding Plaintiff the costs of this action;

d.     An Order awarding Plaintiff his attorney's fees;

e.     A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum overtime wage requirements of the FLSA and Indiana law; and

f.     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700

Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff